UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA STEINGRUBER,<br><br>     Plaintiff,<br><br>v.<br><br>BATTELLE ENERGY ALLIANCE, LLC,<br><br>     Defendant. | Case No. 4:20-CV-00420-JCG |

**MEMORANDUM DECISION AND ORDER**

    This matter involves unlawful employment claims filed by Plaintiff Rebecca Steingruber against her former employer, Defendant Battelle Energy Alliance, LLC. Plaintiff filed a First Amended Complaint and Demand for Jury Trial ("Pl.'s First Am. Compl.") alleging nine claims: (1) discrimination in violation of the Americans with Disabilities Act Amendments Act ("ADAAA"); (2) retaliation in violation of the ADAAA; (3) interference with rights under the Family Medical Leave Act ("FMLA"); (4) retaliation in violation of the FMLA; (5) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (6) hostile work environment in violation of Title VII; (7) wrongful termination in contravention of public policy; (8) intentional infliction of emotional distress; (9) negligent infliction of emotional distress; and requesting costs and fees. See Pl.'s First Am. Compl. at 10–18 (Dkt. 5).

    Pending before the Court are Battelle Energy Alliance, LLC's Motion to File Under Seal (Dkt. 22); Battelle Energy Alliance, LLC's Motion for Partial Summary Judgment and Memorandum in Support (Dkt. 23, 24); Plaintiff's Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence and Memorandum in Support (Dkt. 25,

28); Plaintiff's Motion to Shorten Time (Dkt. 26); Plaintiff's Motion to File Under Seal (Dkt. 27); Plaintiff's Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. 29); Plaintiff's Motion to File Under Seal (Dkt. 30); Battelle Energy Alliance, LLC's Motion to File Under Seal (Dkt. 33); Reply Memorandum in Support of Battelle Energy Alliance, LLC's Motion for Partial Summary Judgment (Dkt. 34); Battelle Energy Alliance, LLC's Motion to File Under Seal (Dkt. 35); Battelle Energy Alliance, LLC's Memorandum in Opposition to Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence (Dkt. 36); Plaintiff's Reply Memorandum in Support of Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence (Dkt. 37); and Plaintiff's Motion for a Status Conference (Dkt. 38).

**Motions to Seal**

Five motions to seal are pending. The Court's analysis begins by determining the applicable standard. Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). There exists a "general right to inspect and copy public records and documents, including judicial records and documents." Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). There is a strong presumption in favor of public access to judicial documents, unless the record is one "traditionally kept secret." Id. (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).

When a document has been offered in connection with a dispositive motion, the party requesting to seal the document "must 'articulate[] compelling reasons supported by specific factual findings[.]'" Id. at 1178 (quoting Foltz, 331 F.3d at 1135). The reasons provided must "outweigh the general history of access and the public policies favoring disclosure[.]" Id. at

1178–79 (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Hypothesis or conjecture alone are not sufficient to warrant sealing.  Ctr. for Auto Safety, 809 F.3d at 1096–97.  The Court must weigh the articulated reasons against the competing public interest in disclosure.  Kamakana, 447 F.3d at 1179.  Compelling reasons justify sealing where the subject documents "might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.  The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  Id.

      The Court granted a Protective Order in this case on September 28, 2021 (Dkt. 17).  In Defendant's Motion to File Under Seal (Dkt. 22), Defendant seeks to keep under seal its brief in support of its motion for partial summary judgment, statement of undisputed material facts, and declarations of certain witnesses.  Def.'s Mot. File Under Seal.  Defendant explains that it seeks to file the summary judgment brief and documents under seal "because they contain information related to Steingruber's employment."  Mem. Supp. Def.'s Mot. File Under Seal (Dkt. 22-1).  Defendant states that sensitive issues include Plaintiff's employment with Defendant, annual reviews, disciplinary actions, and medical leave information.  Id.  Defendant also notes that the documents attached to the Szabo Declaration were marked Confidential under the Protective Order and almost all are marked as "Official Use Only/Privacy Act information and they contain information protected under the Department of Energy (DOE) O 471.3, Identifying and Protecting Official Use Only Information, dated 4-9-03, and DOE M 471.3-1, Manual for Identifying and Protecting Official Use Only Information, dated 4-9-03."  Id.  Defendant asserts that to the extent that there is any public interest in these documents, Plaintiff's privacy interest in her personnel files predominates over any public interest in understanding the judicial process

in this case. Id. Defendant's subsequent Motions to File Under Seal (Dkt. 33, 35) include similar arguments for its requests. Notably, Defendant seeks to keep the entirety of its summary judgment brief (and reply brief) and supporting documents under seal, which would prevent this Court from being able to render a written opinion discussing the legal issues and factual bases for a decision on the summary judgment motion.

Also pending before the Court are Plaintiff's Motion to File Under Seal (Dkt. 27) and Plaintiff's Motion to File Under Seal (Dkt. 30). Plaintiff seeks to keep under seal its briefs and supporting documents relating to Plaintiff's Motion to Strike and Motion in Limine, as well as its brief and supporting documents in Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment. Plaintiff cites Paragraph 7 of the Protective Order, citing the need for Plaintiff to keep discovery confidential that has been designated as such by Defendant. Plaintiff does not provide further explanation of the specific type of information it seeks to keep under seal. Plaintiff seeks to file the entirety of its briefs and supporting documentation similarly under seal, which would render the Court unable to provide a written decision on the summary judgment motion.

After due consideration of the need to balance public access to judicial records and documents against the privacy rights of the Parties, the Court grants in part and denies in part Battelle Energy Alliance, LLC's Motion to File Under Seal (Dkt. 22), Battelle Energy Alliance, LLC's Motion to File Under Seal (Dkt. 33), Battelle Energy Alliance, LLC's Motion to File Under Seal (Dkt. 35), Plaintiff's Motion to File Under Seal (Dkt. 27), and Plaintiff's Motion to File Under Seal (Dkt. 30). The Court grants the motions to file under seal to the extent that the memoranda and accompanying documents and exhibits contain confidential information as defined by the applicable September 28, 2021, Protective Order. The Court denies the motions

to file under seal to the extent that the briefs and documents contain non-confidential information, such as legal arguments and information that is not defined as confidential under the Protective Order. The Court will require the Parties to file non-confidential redacted versions of their briefs and supporting documents, as well as corresponding confidential versions in which any protected information should be double bracketed so as to make clear to the Court what information should be treated as confidential.

### Motion for Partial Summary Judgment

Plaintiff filed its Amended Complaint on September 29, 2020. Defendant filed a Motion for Partial Summary Judgment (Dkt. 23, 24) seeking to dismiss Counts III, IV, VII, VIII, and IX of Plaintiff's Amended Complaint. See Def.'s Mot. Partial Summ. J. Plaintiff filed a Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment (Dkt. 29) and Defendant filed a Reply Memorandum in Support of Battelle Energy Alliance, LLC's Motion for Partial Summary Judgment (Dkt. 34). The Parties submitted separate statements of undisputed material facts. The Court will defer ruling on the Motion for Partial Summary Judgment until after the Parties file redacted briefs and supporting documentation with double-bracketed confidential versions.

### Other Motions

The Court will defer ruling on Plaintiff's Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence (Dkt. 25, 28), Plaintiff's Motion to Shorten Time (Dkt. 26), and Plaintiff's Motion for a Status Conference (Dkt. 38) until after the Parties file redacted briefs and supporting documentation.

**IT IS HEREBY ORDERED THAT:**

1. Defendant's Motion to File Under Seal (Dkt. 22) is granted in part and denied in part;

2. Plaintiff's Motion to File Under Seal (Dkt. 27) is granted in part and denied in part;

3. Plaintiff's Motion to File Under Seal (Dkt. 30) is granted in part and denied in part;

4. Defendant's Motion to File Under Seal (Dkt. 33) is granted in part and denied in part;

5. Defendant's Motion to File Under Seal (Dkt. 35) is granted in part and denied in part;

6. By March 10, 2023, the Parties are directed to file redacted, non-confidential versions of the memoranda and supporting documents, as well as corresponding confidential versions in which any protected information should be double bracketed, submitted in connection with Defendant's Motion for Partial Summary Judgment, Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment, Defendant's Reply Memorandum in Support of Defendant's Motion for Partial Summary Judgment, Plaintiff's Motion to Strike and Motion in Limine, and Defendant's Memorandum in Opposition to Plaintiff's Motion to Strike and Motion in Limine.

DATED: February 10, 2023

 /s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge*

---

\* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.