UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA STEINGRUBER, | |
| Plaintiff, | |
| v. | Case No. 4:20-CV-00420-JCG |
| BATTELLE ENERGY ALLIANCE, LLC, | |
| Defendant. | |

**MEMORANDUM DECISION AND ORDER**

This matter involves unlawful employment claims filed by Plaintiff Rebecca Steingruber ("Plaintiff") against her former employer, Defendant Battelle Energy Alliance, LLC ("Defendant"). Plaintiff filed a First Amended Complaint and Demand for Jury Trial ("Plaintiff's First Amended Complaint" or "Pl.'s First Am. Compl."), alleging nine claims: (1) discrimination in violation of the Americans with Disabilities Act Amendments Act ("ADAAA"); (2) retaliation in violation of the ADAAA; (3) interference with rights under the Family Medical Leave Act ("FMLA"); (4) retaliation in violation of the FMLA; (5) discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (6) hostile work environment in violation of Title VII; (7) wrongful termination in contravention of public policy; (8) intentional infliction of emotional distress; and (9) negligent

MEMORANDUM DECISION AND ORDER - 1

infliction of emotional distress; as well as costs and fees.  See Pl.'s First Am.

Compl. ¶ 53–116 (Dkt. 5).

Pending before the Court is Battelle Energy Alliance, LLC's Motion for

Partial Summary Judgment challenging five counts in Plaintiff's First Amended

Complaint: whether Defendant interfered with Plaintiff's rights under the FMLA

(Count III); whether Defendant terminated Plaintiff's employment as retaliation for

engaging in a FMLA-protected activity (Count IV); whether Defendant acted in

contravention of public policy by terminating Plaintiff (Count VII); whether

Defendant intentionally inflicted emotional distress (Count VIII); and whether

Defendant negligently inflicted emotional distress (Count IX).  Battelle Energy

Alliance, LLC's Motion for Partial Summary Judgment ("Defendant's Motion for

Partial Summary Judgment" or "Def.'s Mot. Partial Summ. J.") (Dkt. 23); see also

Memorandum in Support of Battelle Energy Alliance, LLC's Motion for Partial

Summary Judgment ("Def.'s Br.") (Dkts. 42-3, 43-3).  Plaintiff filed Plaintiff's

Memorandum in Opposition to Defendant's Motion for Partial Summary Judgment

and supporting documents.  Pl.'s Mem. Opp'n Def.'s Mot. Partial Summ. J. ("Pl.'s

Br.") (Dkts. 46, 47).  Also pending before the Court is Plaintiff's Motion to Strike

and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence

(Dkt. 25); Plaintiff's Motion to Shorten Time (Dkt. 26); Plaintiff's Motion for a

Status Conference (Dkt. 38); and Plaintiff's Motion to Strike and Motion in Limine

to Exclude Improperly Disclosed Witness and Evidence (Dkt. 44).  For the reasons

set forth in this opinion, the Court grants in part and denies in part Defendant's

Motion for Partial Summary Judgment; the Court grants in part and denies in part

both of Plaintiff's Motions to Strike; the Court denies Plaintiff's Motion to Shorten

Time; and the Court grants Plaintiff's Motion for a Status Conference.

## UNDISPUTED FACTS

The Court finds that the following facts are undisputed:

Plaintiff was hired to work for Defendant as a network administrator in

November 2007.  Statement of Undisputed Material Facts Supp. Battelle Energy

Alliance, LLC's Mot. Partial Summ. J. ¶ 1 ("Def.'s Undisputed Facts") (Dkt. 42-1,

43-1); Pl.'s Statement of Facts Opp'n Def.'s Mot. Partial Summ. J. ¶ 1 ("Pl.'s

Undisputed Facts") (Dkts. 46-1, 47-1).  Plaintiff was subsequently promoted to

Primary Information Systems Security Officer ("ISSO"), Primary Communications

Security custodian ("COMSEC"), and Primary Control Officer for a

Compartmental Access Program.  Def.'s Undisputed Facts ¶ 1; Pl.'s Undisputed

Facts ¶ 1.  In 2015, Franci Szabo ("Szabo") was the acting Manager of Secure

Operations Group for National & Homeland Security for Defendant.  Def.'s

Undisputed Facts ¶ 2; Pl.'s Undisputed Facts ¶ 2.

In 2017, while Plaintiff was on FMLA leave, Szabo implemented several

changes to Plaintiff's position.  Def.'s Undisputed Facts ¶ 19; Pl.'s Undisputed

Facts ¶ 15 ("On December 18, 2017, while [Plaintiff] was out on FMLA leave, Ms. Szabo made the decision to materially alter [Plaintiff's] job duties."). Changes included rotating employees to ensure that there was adequate knowledge for one employee to cover another in their absence, and reassigning some duties previously given to Plaintiff to ensure "good checks and balances." Def.'s Undisputed Facts ¶ 19; Pl.'s Undisputed Facts ¶ 16.

On February 1, 2018, Plaintiff returned to work from FMLA leave and her security clearances were restored. Def.'s Undisputed Facts ¶ 20; Pl.'s Undisputed Facts ¶ 21. Plaintiff's work relations soured shortly thereafter, resulting in complaints from facility customers. Def.'s Undisputed Facts ¶ 22; Pl.'s Undisputed Facts ¶ 23. On February 13, 2018, Szabo met with in-house counsel Kimberly Evans Ross ("Ross") to discuss Plaintiff's workplace behavior. Def.'s Undisputed Facts ¶ 23; Pl.'s Undisputed Facts ¶ 25.

On February 13, 2018, a pre-Personnel-Action-Advisory-Group ("PAAG") meeting was held to evaluate whether legitimate and non-discriminatory grounds existed for possible disciplinary action against Plaintiff. Def.'s Undisputed Facts ¶ 24; Pl.'s Undisputed Facts ¶ 25. On February 14, 2018, a PAAG meeting was held regarding Plaintiff. Def.'s Undisputed Facts ¶ 25; Pl.'s Undisputed Facts ¶ 30. At the conclusion of the PAAG meeting, the PAAG members decided to terminate Plaintiff's employment. Def.'s Undisputed Facts ¶ 26; Pl.'s Undisputed Facts ¶ 31.

MEMORANDUM DECISION AND ORDER - 4

On February 19, 2018, Plaintiff was formally terminated.  Def.'s Undisputed Facts ¶ 28; Pl.'s Undisputed Facts ¶ 33.

## JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a) and 1367.

## LEGAL STANDARD

Summary judgment is appropriate if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  See id.  "At summary judgment, the threshold is particularly low because all 'justifiable inferences' must be drawn in favor of the nonmoving party."  Strong v. Valdez Fine Foods, 724 F.3d 1042, 1045 (9th Cir. 2013) (quoting Anderson, 477 U.S. at 255).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The movant satisfies its burden by either "produc[ing] evidence negating an essential element of the nonmoving party's claim," Nissan Fire & Marine Ins.

MEMORANDUM DECISION AND ORDER - 5

Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000), or by showing "a complete failure of proof concerning an essential element of the nonmoving party's case . . . necessarily render[ing] all other facts immaterial." See Celotex Corp., 477 U.S. at 323.

If the moving party satisfies its initial burden, the opposing party must produce specific facts showing a genuine issue of material fact for trial. See FTC v. Stefanchik, 559 F.3d 924, 927–28 (9th Cir. 2009). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact. See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 738 (9th Cir. 1979). A genuine issue of material fact must be more than "a scintilla of evidence or evidence that is merely colorable or not significantly probative." Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000); see also Stefanchik, 559 F.3d at 929 ("A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." (citation omitted)). When determining if a party is entitled to summary judgment, the Court must view the evidence in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).

**DISCUSSION**

**I.      Counts III and IV: Plaintiff's FMLA Claims**

      **A.      Statute of Limitations for "Willful" Violations**

Statutes of limitations are "mechanisms used to limit the temporal extent or duration of liability for tortious acts." CTS Corp. v. Waldburger, 573 U.S. 1, 7 (2014).  A statute of limitations "creates 'a time limit for suing in a civil case, based on the date when the claim accrued.'" Id. (quoting Black's Law Dictionary 1546 (9th ed. 2009)).  A claim accrues when the plaintiff can file suit and obtain relief. Id.  The FMLA bars any action from being brought more than two years after the date of the last event constituting the alleged violation for which the action has been brought.  29 U.S.C. § 2617(c)(1).  An action is commenced on the date when the complaint is filed.  Id. § 2617(c)(3).  In cases alleging a willful violation of the FMLA, an action may be brought up to three years after the last event constituting the alleged violation for which such action is brought.  Id. § 2617(c)(2).

The FMLA does not define "willful."  See id. § 2611.  The Ninth Circuit has held that willfulness requires an employer to "know, or show reckless disregard for whether, its conduct was prohibited by statute." Olson v. United States by & through Dep't of Energy, 980 F.3d 1334, 1339 (9th Cir. 2020) (citing McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)).

MEMORANDUM DECISION AND ORDER - 7

Defendant asserts that summary judgment on Counts III and IV should be granted because Plaintiff did not timely file her FMLA claims.  Def.'s Br. at 4–6. Count III of Plaintiff's First Amended Complaint alleges that Defendant interfered with Plaintiff's FMLA rights by not returning Plaintiff to her previous position or an equivalent position after Plaintiff's return from FMLA-protected leave.  Pl.'s First Am. Compl. ¶ 68–77.  Count IV of Plaintiff's First Amended Complaint alleges that Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff in retaliation for Plaintiff exercising her FMLA rights.  Id. ¶ 77–83.  Defendant highlights that on August 25, 2020, approximately two and one-half years after Plaintiff's February 19, 2018, termination, Plaintiff initiated this suit.  Def.'s Br. at 2.  Defendant argues that pursuant to the two-year statute of limitations, Counts III and IV of Plaintiff's First Amended Complaint are time-barred.  Id.  Defendant contends that Plaintiff cannot show that Defendant willfully violated the FMLA and thus the statute of limitations should not be extended from two years to three years.  Id. at 4, 6–13.

Regarding Count III of Plaintiff's First Amended Complaint, Plaintiff argues that "the undisputed evidence shows that Defendant interfered with Plaintiff's FMLA rights when Plaintiff[1] [sic] substantially altered Plaintiff's job duties while

---

[1]  The Court assumes that Plaintiff inadvertently referred to "Plaintiff" as having interfered with Plaintiff's FMLA rights when Plaintiff intended to refer to Defendant Battelle Energy Alliance, LLC (i.e., "Defendant").

MEMORANDUM DECISION AND ORDER - 8

she was on FMLA leave[,]" in response to Defendant's statute of limitations contention.  Pl.'s Br. at 8.  Regarding Count IV of Plaintiff's First Amended Complaint, Plaintiff argues that "there is a question of material fact regarding whether or not Plaintiff's[2] wrongful termination of Plaintiff was willful[,]" again in response to Defendant's argument about the statute of limitations.  Id. at 5.  Plaintiff argues that because of Defendant's willful interference with Plaintiff's FMLA rights, the relevant statute of limitations should be extended from two years to three years on both counts, and that both claims are therefore timely submitted.

Because Plaintiff did not commence this action until after the two-year statute of limitations had expired, the timeliness of Counts III and IV of Plaintiff's First Amended Complaint depends on whether Defendant willfully violated the FMLA by allegedly demoting and subsequently terminating Plaintiff in response to Plaintiff exercising FMLA-protected rights.

### 1.    Count III: Interference with FMLA

It is undisputed that Plaintiff commenced this action on August 25, 2020, more than two years after Plaintiff's alleged demotion and Plaintiff's February 19, 2018, termination.  See Pl.'s Br. at 8–10, 13; see also Def.'s Br. at 2.  Because Plaintiff commenced this action after the relevant statute of limitations had expired, Defendant satisfied its burden and Plaintiff must prove that there is a

---

[2] Supra note 1.

MEMORANDUM DECISION AND ORDER - 9

genuine dispute of material fact regarding whether Defendant willfully violated the FMLA by failing to restore Plaintiff to the same or equivalent position post-leave. 29 U.S.C. § 2614(a)(1).

Plaintiff argues, and the Court agrees, that there is a genuine dispute of material fact regarding whether Defendant's decision to interfere with Plaintiff's job duties while Plaintiff was on FMLA leave was a willful violation of the FMLA.

As discussed above, the FMLA prohibits an employer from taking an adverse employment action because an employee used FMLA protected leave.  Id. § 2615.  To establish a prima facie case of FMLA interference, an employee must establish that (1) she was eligible for FMLA protection, (2) the employer was covered by the FMLA, (3) she was entitled to leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) the employer denied FMLA benefits to which she was entitled.  Escriba v. Foster Poultry Farms, Inc., 743 F.3d 1236, 1243 (9th Cir. 2014).  An employer's failure to return an employee to the same or equivalent position upon the employee's return from FMLA-protected leave constitutes FMLA interference.  29 U.S.C. § 2614(a)(1).  An equivalent position is one that is "virtually identical to the employee's former position" in terms of benefits and responsibilities.  29 C.F.R. § 825.215(a).  An equivalent position must also have substantially similar status as the employee's original position.  Id. § 825.215(e).

MEMORANDUM DECISION AND ORDER - 10

Defendant does not contest the first four requirements to establish a prima facie case of FMLA interference, but only asserts that Defendant did not interfere, willfully or otherwise, with Plaintiff's FMLA rights while Plaintiff was on protected leave. See Def.'s Br. at 6. It is uncontested that Defendant altered Plaintiff's position while Plaintiff was on leave. Id. at 8 ("[Plaintiff] was restored to an *equivalent* position."); Pl.'s Br. at 2 ("While [Plaintiff] was out on leave, [Szabo] materially altered [Plaintiff's] job duties."). It is disputed, however, precisely what Plaintiff's role was upon return from FMLA leave and how it differed in status and/or responsibility from Plaintiff's role pre-FMLA-leave. While Plaintiff was on FMLA leave, Plaintiff's role as an ISSO was altered. Pl.'s Br. at 9; Def.'s Undisputed Facts ¶ 19. Defendant argues that the ISSO duties did not change, only the assignment to specific projects and customers. Def.'s Br. at 9. Defendant notes that "Szabo consulted with Battelle's in-house employment attorney Kimberly Evans Ross[,]" prior to making the relevant position changes. Id. However, Plaintiff argues that because her job duties were changed, Plaintiff had to retrain to complete her ISSO job. Pl.'s Br. at 9. The undisputed facts establish that Plaintiff's role was altered while Plaintiff was on leave. Whether and to what extent the roles differed is a genuine issue of material importance because it is central to the heart of the FMLA interference question – whether Defendant

MEMORANDUM DECISION AND ORDER - 11

willfully disregarded Plaintiff's FMLA rights by altering Plaintiff's position while Plaintiff was on protected leave.

Plaintiff's ISSO role was not the only role that was materially altered while Plaintiff was on leave. It is undisputed that Plaintiff's position as COMSEC and Primary Control Officer were also rescinded while Plaintiff was on FMLA leave. See Pl.'s Br. at 8–10; see also Def.'s Br. at 8–9. Defendant contends that this was done primarily to ensure "good checks and balances" in the workplace. Def.'s Undisputed Facts ¶ 19. Plaintiff argues to the contrary, however, contending that there is no evidence that Plaintiff's position was taken away due to company policy, and that no similar changes were made when Plaintiff was previously on leave. Pl.'s Br. at 9.

Construing all facts in a light most favorable to non-movant Plaintiff, a genuine issue of material fact exists regarding whether the job that Plaintiff returned to following leave was in fact equivalent to the job that Plaintiff left. Reading all possible inferences in Plaintiff's favor, a reasonable jury could conclude that Defendant's consultation with in-house counsel and subsequent alteration of Plaintiff's job duties were in reckless disregard of Plaintiff's FMLA rights. The Court concludes that a genuine dispute exists as to whether Defendant willfully violated Plaintiff's FMLA rights when Defendant altered Plaintiff's job

duties while Plaintiff was on leave.  The Court denies Defendant's Motion for Partial Summary Judgment on Count III.

### 2.     Count IV: Retaliation in Violation of the FMLA

The FMLA prohibits an employer from discharging an employee "for opposing any practice made unlawful by [the FMLA]."  29 U.S.C. § 2615(a)(2). The Ninth Circuit has adopted the view that an employer may not take an employee's decision to take FMLA leave into consideration when making adverse employment decisions.  See Shelton v. Boeing Co., 702 F. App'x 567, 568 (9th Cir. 2017); see also Bachelder v. Am. W. Airlines, Inc., 259 F.3d 1112, 1124 (9th Cir. 2001) (discussing the anti-retaliation provision in 29 U.S.C. § 2615(a)(2)).  To establish an FMLA retaliation claim, an employee must show by a preponderance of the evidence (1) that the employee engaged in an FMLA protected activity, (2) that the employee was thereafter subjected by her employer to an adverse employment action, and (3) that a causal link existed between the protected activity and the adverse employment action.  Porter v. California Dep't of Corr., 419 F.3d 885, 894 (9th Cir. 2005); Bachelder, 259 F.3d at 1125.  The relevant statute of limitations is two years, unless Plaintiff can show that Defendant willfully violated Plaintiff's FMLA rights in retaliation for Plaintiff's use of FMLA leave, which would extend the statute of limitations to three years.  29 U.S.C. § 2617(c)(1)–(2); Olson, 980 F.3d at 1339.

MEMORANDUM DECISION AND ORDER - 13

In Count IV of Plaintiff's First Amended Complaint, Plaintiff alleges that Defendant took adverse employment actions against Plaintiff by terminating Plaintiff's employment "due to [Plaintiff's] engagement in the protected activities of applying for FMLA leave and inquiring [about Defendant's] unlawful practices under the FMLA." Pl.'s First Am. Compl. ¶ 81. Plaintiff argues that there is a genuine issue of material fact regarding whether Defendant's alleged retaliation was a willful violation of the FMLA. Pl.'s Br. at 5–8. Defendant contends that Plaintiff's claims are barred by the relevant statute of limitations because there is no evidence that Defendant willfully violated Plaintiff's FMLA rights. Def.'s Br. at 4–7, 10–12.

The pertinent question here is whether there is a genuine dispute of material fact as to whether Defendant willfully disregarded Plaintiff's FMLA rights when Defendant chose to terminate Plaintiff upon Plaintiff's return from FMLA protected leave. The Court concludes that a genuine dispute exists.

It is undisputed that Plaintiff engaged in an FMLA-protected activity and was subsequently subjected by Defendant to adverse employment action. Regarding the causal connection between Plaintiff's FMLA protected actions and subsequent termination, Defendant asserts that Plaintiff's termination was lawful. See generally Def.'s Br. at 10–13. Defendant states that shortly after Plaintiff's return from leave, Szabo and Plaintiff met. Id. at 10. According to Defendant,

MEMORANDUM DECISION AND ORDER - 14

Plaintiff resumed her "problematic behaviors" almost immediately after Plaintiff and Szabo's meeting.  Id.  Defendant contends that Szabo received complaints about Plaintiff from customers and coworkers, prompting Szabo to meet with in-house counsel again.  Id. at 11.  Counsel advised Szabo that she could not reference Plaintiff's use of company leave as justification for any employment action.  Id.

Plaintiff disputes Defendant's version of the facts, and asserts that notes from a meeting held on February 13, 2018 list Plaintiff's on-the-job shortcomings as including: (1) constant and unexpected absences (including knee surgery and pregnancy) and (2) real and perceived misuse of company leave banks.  Pl.'s Undisputed Facts, Ex. M at 11.  Plaintiff asserts that the meeting notes regarding Plaintiff's termination suggest that Plaintiff's use of FMLA leave may have been one justification for adverse employment action.

The Court concludes that a genuine question of material fact exists regarding whether Plaintiff's exercise of FMLA-protected leave was a negative factor in the decision to terminate plaintiff.  Because Plaintiff has shown that there is a genuine question as to the extent to which Defendant considered Plaintiff's use of protected leave in Defendant's decision to terminate Plaintiff, a reasonable jury could return a verdict for Plaintiff.

MEMORANDUM DECISION AND ORDER - 15

The Court concludes that both of Plaintiff's FMLA claims are not time-barred because there exist genuine disputes of material fact regarding whether Defendant willfully violated the FMLA by altering Plaintiff's position upon Plaintiff's return from FMLA protected leave, and whether Defendant willfully disregarded Plaintiff's FMLA rights when considering the justifications for terminating Plaintiff's employment.  Defendant's Motion for Partial Summary Judgment regarding Counts III and IV is denied.

## II.    Count VII: Wrongful Termination in Contravention of Public Policy

Idaho law allows for recovery when an employee's termination is in violation of public policy.  See, e.g., Ostander v. Farm Bureau Mut. Ins. Co. of Idaho, 123 Idaho 650, 652–53, 851 P.2d 946, 948–49 (1993); Jackson v. Minidoka Irrigation Dist., 98 Idaho 330, 333–34, 563 P.2d 54, 57–58 (1977).  The Ninth Circuit has held, however, that a wrongful discharge in contravention of public policy claim is only available when there is no adequate statutory remedy.  Pavon v. Swift Transp. Co., 192 F.3d 902, 909 (9th Cir. 1999).  When the allegations supporting a claim of wrongful discharge in contravention of public policy are identical to allegations supporting a federal claim, the public policy claim is subsumed by the federal claim and summary judgment on the former is proper.  McWilliams v. Latah Sanitation, Inc., 554 F. Supp. 2d 1165, 1185 (D. Idaho 2008);

MEMORANDUM DECISION AND ORDER - 16

see also <u>Loomis v. Heritage Operating, L.P.</u>, No. CV-04-617-S-BLW, 2006 WL 2228964, at *6 (D. Idaho Aug. 3, 2006).

The allegations in Count VII (Wrongful Termination in Contravention of Public Policy) are similar to the allegations in Count IV (Retaliation in Violation of the FMLA).  <u>See generally</u> Pl.'s First Am. Compl.  Plaintiff argues that she engaged in a protected activity under the FMLA and was terminated from her employment as a result of inquiring into Defendant's unlawful actions.  <u>See id.</u> at Count IV and Count VII.  Defendant argues that Plaintiff is not able to obtain relief for wrongful discharge for contravention of public policy because relief under the FMLA is available.  Def.'s Br. at 13–14.  Plaintiff asserts that her public policy claim is not preempted by federal or state statute because Defendant has failed to show a statutory remedy for the conduct alleged in Count VII of Plaintiff's First Amended Complaint.  Pl.'s Br. at 13.

Here, Plaintiff's allegations supporting her wrongful discharge in contravention of public policy claim are subsumed by Plaintiff's FMLA retaliation claim.  Plaintiff has statutory remedies available under the FMLA for the allegations asserted in Count VII of Plaintiff's First Amended Complaint.  The Court grants Defendant's Motion for Partial Summary Judgment as it pertains to Count VII of Plaintiff's First Amended Complaint.

MEMORANDUM DECISION AND ORDER - 17

### III.    Counts VIII and IX: Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

Defendant argues that Plaintiff's intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims are both time-barred because Plaintiff's claims were filed after the two-year statute of limitations.  Def.'s Br. at 14–15.  Defendant reiterates that Plaintiff's employment was terminated on February 19, 2018, but Plaintiff did not file her complaint until August 25, 2020, approximately two and one-half years later.  Id.  Plaintiff asserts that evidence shows that Defendant has "continued to take actions which have adversely affected" Plaintiff.  Pl.'s Br. at 15.  These actions include submitting harmful information to the Department of Energy terminating Plaintiff's security clearance, placing Plaintiff on a "do not hire list," and other actions that Plaintiff argues are continuing in nature.  Id. at 16–17.

#### A.    Intentional Infliction of Emotional Distress

The statute of limitations for IIED in Idaho is two years.  Idaho Code § 5-219(4); see also Adamson v. Lockheed Martin Idaho Techs. Co., 20 F. App'x 715, 718 (9th Cir. 2001); see also Ridenour v. Bank of Am. N.A., No. 2:13-CV-00317-BLW, 2015 WL 1409402, at *6 (D. Idaho Mar. 25, 2015).

Plaintiff alleges facts sufficient to survive Defendant's Motion for Partial Summary Judgment.  Specifically, Plaintiff asserts that after her termination,

MEMORANDUM DECISION AND ORDER - 18

Defendant submitted negative information to the Department of Energy, causing Plaintiff to live in fear that her security clearance could be revoked.  See Pl.'s Br. at 15–17.  While the date that Plaintiff's employment was terminated is not in dispute, the Parties dispute the date that Defendant allegedly ceased its harmful conduct toward Plaintiff.  See Pl.'s Undisputed Facts at 13 ("[Plaintiff's] employment was terminated on February 19, 2018."); see also Pl.'s Br. at 15 ("However, the evidence shows that after terminating Plaintiff's employment, Defendant continued to take actions which have adversely affected [Plaintiff's] future employment opportunities and that those actions continue through today's date."); see also Def.'s Br. at 14–15 ("[Plaintiff's] last day of employment was February 19, 2018.  [Plaintiff] filed her Complaint in this case on August 25, 2020, approximately two and one-half years later.").  "It is well settled that '[w]hen a tort involves continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases.'"  Curtis v. Firth, 123 Idaho 598, 603, 850 P.2d 749, 754 (1993) (quoting Page v. United States, 729 F.2d 818, 821–22 (D.C. Cir. 1984)).  Because the continuing nature of Defendant's actions towards Plaintiff are in dispute, the Court concludes that a genuine question of material fact exists.  The Court denies Defendant's Motion for Partial Summary Judgment as it pertains to Count VIII of Plaintiff's First Amended Complaint.

MEMORANDUM DECISION AND ORDER - 19

### B.     Negligent Infliction of Emotional Distress

The statute of limitations for NIED in Idaho is two years.  Idaho Code § 5-219(4); see also Ridenour, No. 2:13-CV-00317-BLW, 2015 WL 1409402, at *6. NIED is generally characterized as a continuing tort.  Ridenour, No. 2:13-CV-00317-BLW, 2015 WL 1409402, at *6 (citing Johnson v. McPhee, 147 Idaho 455, 210 P.3d 563, 573 (Ct. App. 2009)).  Therefore, the two-year statute of limitations begins to run only when such tortious conduct ends.  Id.

As the Court discussed previously, Plaintiff alleges facts suggesting that Defendant's actions are ongoing.  The Parties dispute whether Defendant's actions of terminating employment and sending negative information to the government entity overseeing an employer's industry present questions regarding the duration and effect of Defendant's conduct toward Plaintiff.  Viewed in the light most favorable to non-movant Plaintiff, a genuine dispute exists regarding when Defendant's allegedly tortious conduct toward Plaintiff ceased or if it is continuing as alleged by Plaintiff.  The Court denies Defendant's Motion for Partial Summary Judgment as it pertains to Count IX of Plaintiff's First Amended Complaint.

### IV.     Remaining Motions

The remaining pending motions are Plaintiff's Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence ("Plaintiff's Motion to Strike" or "Pl.'s Mot. Strike") (Dkts. 25, 28); Plaintiff's Motion to Strike

and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence

(Dkt. 44); Plaintiff's Motion to Shorten Time (Dkt. 26); and Plaintiff's Motion for

a Status Conference (Dkt. 38).

### A.    Motion to Strike and Motion in Limine

Plaintiff filed two motions to strike (Dkts. 25, 44) that are identical.  Pl.'s

Mot. Strike (Dkt. 25); Pl.'s Mem. Supp. Mot. Strike and Mot. Limine Excl.

Improperly Discl. Witness and Evid. ("Pl.'s Mem. Supp. Mot. Limine") (Dkt. 28);

see also Plaintiff's Motion to Strike and Motion in Limine to Exclude Improperly

Disclosed Witness and Evidence (Dkt. 44).  Because Plaintiff's two motions to

strike are identical, the Court will address them together.

Plaintiff argues that because Ross was not initially disclosed as an individual

likely to have discovery information, all testimony from and referring to Ross

should be stricken and excluded from trial.  Pl.'s Mem. Supp. Mot. Limine at 6–8.

Plaintiff contends that all attorney-client evidence disclosed after the depositions

should be stricken and excluded from trial.  Id. at 8–10.  Plaintiff asserts that all

references to notes that have not been disclosed should be stricken and excluded

from trial.  Id. at 10–12.  Plaintiff argues that all evidence disclosed after the close

of discovery should be stricken and excluded from trial.  Id. at 12–13.  Defendant

argues that the Court should not strike and remove from evidence each of the

aforementioned items.  Mem. Opp'n Mot. Strike and Mot. Limine to Excl.

Improperly Disclosed Witness and Evid. ("Def.'s Mem. Opp'n Pl.'s Mot. Limine")

(Dkt. 36).

Rule 26(a) requires a party to provide specific information to the other

parties without awaiting a discovery request. Fed. R. Civ. P. 26(a)(1). Idaho Local

Rules impose a duty to supplement all disclosures to the parties. Dist. Idaho Loc.

Civ. R. 26.1. Rule 37(c) addresses a party's failure to disclose or supplement

discovery. Fed. R. Civ. P. 37(c). Rule 37(c) provides:

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

    (B) may inform the jury of the party's failure; and

    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Id.

Among the factors that may guide the Court in determining whether a

violation of a discovery deadline is justified or harmless are: (1) prejudice or

surprise to the party against whom the evidence is offered; (2) the ability of that

party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad

MEMORANDUM DECISION AND ORDER - 22

faith or willfulness involved in not timely disclosing the evidence.  Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).  The burden of proof is on the party facing exclusion of its witness' testimony to prove the delay was either justified or harmless.  Id. (citation omitted).

Regarding Ross, Plaintiff argues that all testimony involving or referencing her should be stricken and excluded because Ross was not initially included as an individual with relevant knowledge.  Pl.'s Mem. Supp. Mot. Limine at 6–8.  In support of this argument, Plaintiff cites Fed. R. Civ. P. 26, which requires parties to provide specific information without awaiting a discovery request.  Pl.'s Mem. Supp. Mot. Limine at 6–7; see Fed. R. Civ. P. 26.  Plaintiff asserts that "[w]hile Defendant identified a number of individuals in response to Interrogatory No. 2 [and Interrogatory No. 6] . . . Defendant did not identify Ms. Ross as a potential witness or as a person who had knowledge of the subject matter of this lawsuit in its first response."  Pl.'s Mem. Supp. Mot. Limine at 7.  The Court notes, however, that Plaintiff deposed Ross on March 31, 2022.  Def.'s Mem. Opp'n Pl.'s Mot. Limine at 11–12.  Therefore, Plaintiff deposed several weeks prior to the close of discovery the very witness she now seeks to exclude, thus curing any potential violation of a discovery deadline.  See Lanard Toys Ltd., 375 F. App'x 705 at 713.

Plaintiff argues that while deposing Ross, Defendant's counsel prevented Plaintiff from asking questions related to any "conversations between themselves

MEMORANDUM DECISION AND ORDER - 23

and the legal department including Ms. Ross." Pl.'s Mem. Supp. Mot. Limine at 7.

In support of this argument, Plaintiff cites deposition excerpts that pertain to

inquiries made about Defendant's deposition preparation, not Ross' involvement in

Plaintiff's termination. See id. (citing Declaration of Counsel Supp. Mot. Strike

and Mot. Limine Excl. Improperly Discl. Witness and Evid. ("Hall Decl.") (Dkt.

44-2) at Exs. R, S, T, U). "Courts have recognized that motions in limine should

be granted sparingly and only in those instances when the evidence plainly is

inadmissible on all potential grounds." Walker v. City of Pocatello, No. 4:15-CV-

00498-BLW, 2022 WL 79822, at *2 (D. Idaho Jan. 7, 2022) (internal quotation

omitted). The Court concludes that Plaintiff will suffer no prejudice from the

inclusion of Ross' testimony. Plaintiff has not alleged any bad faith on behalf of

Defendant. Plaintiff acknowledges that Ross was disclosed as a witness during

discovery, and that Defendant's objections focused on privileged information

discussed with attorneys. See Pl.'s Mem. Supp. Mot. Limine at 7; see also Pl.'s

Reply Mem. Supp. Mot. Strike and Mot. Limine Excl. Improperly Disclosed

Witness and Evid. (Dkt. 37) at 3–4. The Court denies Plaintiff's Motion to Strike

regarding all testimony by and referring to Ross.

Plaintiff next moves to strike and exclude all "attorney-client" evidence

disclosed after the depositions. Pl.'s Mem. Supp. Mot. Limine at 8. Plaintiff

argues that Defendant rescinded its claim of privilege only after the conclusion of

the final deposition, effectively preventing Plaintiff from conducting any discovery regarding the redacted documents.  Id. at 8–9.  Plaintiff moves to strike the portions that were unredacted after the depositions because it would be unfairly prejudicial to Plaintiff to include them.  Id. at 9.  Defendant argues that the only unredacted notes, which Plaintiff identifies as being disclosed too late, were "Unredacted Szabo Notes produced at BEA000997-1022" and that those notes contained information that had previously been disclosed (i.e., reasons for Plaintiff's termination) and were not submitted by Defendant in support of Defendant's Motion for Partial Summary Judgment.  Def.'s Mem. Opp'n Pl.'s Mot. Limine at 14–15.  The Court is persuaded by Plaintiff's characterization of the potentially prejudicial nature of allowing Defendant to use notes that were previously redacted in this context.  To the extent that Defendant has not and will not use the previously redacted information because it was presented elsewhere, and in a different context, there is no need for the previously redacted information to be used in future proceedings.  Striking this information will not prevent Defendant's presentation of its case, and it is therefore within the Court's discretion to strike the relevant information to avoid prejudice, surprise, or any other disruption to trial.  The Court grants Plaintiff's motion to strike the Unredacted Szabo Notes produced at BEA000997-1022.

MEMORANDUM DECISION AND ORDER - 25

Plaintiff moves to strike from trial all reference to notes that have not been disclosed.  Pl.'s Mem. Supp. Mot. Limine at 10.  Specifically, Plaintiff argues that during Szabo's deposition, Szabo testified that "her belief that other employees had trouble working with [Plaintiff] came from her one-on-one meetings with those employees[,]" and that she had kept notes from those meetings.  Id.  Plaintiff thereafter requested and was denied copies of the notes that Szabo referenced in her deposition in Plaintiff's third set of discovery requests on February 22, 2022.  Id.  Defendant nonetheless referred to these notes several times in filings in support of Defendant's Motion for Partial Summary Judgment.  See, e.g., Def.'s Undisputed Facts ¶ 4 ("As [Plaintiff's] direct supervisor, Szabo had access to and reviewed [Plaintiff's] personnel file, participated in regular one-on-one meetings with [Plaintiff], at which meetings Szabo would take notes."); see also Declaration of Franci Szabo Supp. Battelle Energy Alliance, LLC's Mot. Partial Summ. J. (Dkt. 43-2) at 2 ("I also participated in regular one-on-one meetings with my staff . . . I would take notes of such meetings[.]").  The Court concludes that Defendant should not be permitted to continue referring to notes without providing copies to Plaintiff.  Defendant's references to the evidence in its witnesses' testimony and in its briefing, without producing the notes to Plaintiff during discovery, is prejudicial, subjects Plaintiff to surprise, and provides no opportunity for Plaintiff cure such prejudice.  See Walker, 2022 WL 79822, at *2.  The Court grants

MEMORANDUM DECISION AND ORDER - 26

Plaintiff's Motion to Strike pertaining to notes that were not produced during discovery.

Finally, Plaintiff moves to strike all evidence produced after the close of discovery. Pl.'s Mem. Supp. Mot. Limine at 12. Plaintiff argues that Defendant served its third supplemental responses to Plaintiff's first set of discovery on April 29, 2022, two weeks after the close of discovery stipulated to by Defendant. Id. Plaintiff was unable to question witnesses regarding these documents and asserts that Defendant's failure to timely provide the documents was neither harmless, nor justified. Id. Defendant contends that it did not use any of the untimely documents to support Defendant's Motion for Partial Summary Judgment and that the Court need not strike all 419 pages worth of information *ab initio*. Def.'s Mot. Opp'n Pl.'s Mot. Limine at 16–17. Defendant argues that Plaintiff can and should object to the introduction of a document in the future and the Court can then determine whether exclusion is proper after weighing the relevant factors discussed in Walker v. City of Pocatello, No. 4:15-CV-00498-BLW, 2022 WL 79822 (D. Idaho Jan. 7, 2022). Id. "In short, [Defendant] concedes that the communications were produced two weeks after the close of discovery, but that fact alone does not warrant a total exclusion of the documents at this stage." Id. at 17.

This Court has recognized that motions in limine should be used sparingly and only in instances when the evidence is otherwise plainly inadmissible. D.A. v.

MEMORANDUM DECISION AND ORDER - 27

Meridian Joint Sch. Dist. No. 2, No. 1:11-CV-00119-CWD, 2013 WL 12147769,
at *2 (D. Idaho June 14, 2013).  The evidence that Plaintiff seeks to strike is not
otherwise plainly inadmissible, but is untimely.  See id.; see also Def.'s Mem.
Opp'n Pl.'s Mot. Limine at 17; see also Pl.'s Mem. Supp. Mot. Limine at 12–13.
Weighing the relevant factors, there would be no prejudice or surprise if Plaintiff
objects to the admission of specific documents if and when they are proffered into
evidence.  See Lanard Toys Ltd., 375 F. App'x 705 at 713.  The Court denies
Plaintiff's Motion as it pertains to evidence produced after the close of discovery.
Until the evidence is proffered with more specificity, the motion is denied without
prejudice.

## B.  Motion to Shorten Time and Motion for a Status Conference

Plaintiff filed a Motion to Shorten Time (Dkt. 26) and a Motion for a Status
Conference (Dkt. 38).  In Plaintiff's Motion to Shorten Time, Plaintiff asked the
Court to schedule a hearing on the pending motions on a shortened timeline.  The
Court addressed the issues on the papers without a hearing and denies Plaintiff's
Motion to Shorten Time.  The Court grants Plaintiff's Motion for a Status
Conference and will reach out to the Parties to schedule a status conference in the
near future.

## **ORDER**

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

(1) Defendant's Motion for Partial Summary Judgment (Dkt. 23) is GRANTED in part and DENIED in part;

(2) Plaintiff's Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence (Dkt. 25) is GRANTED in part and DENIED in part;

(3) Plaintiff's Motion to Strike and Motion in Limine to Exclude Improperly Disclosed Witness and Evidence (Dkt. 44) is GRANTED in part and DENIED in part;

(4) Plaintiff's Motion to Shorten Time (Dkt. 26) is DENIED; and

(5) Plaintiff's Motion for a Status Conference (Dkt. 38) is GRANTED.  The Court will set a date for a scheduling conference to discuss pre-trial matters.

DATED:  July 7, 2023

 /s/ Jennifer Choe-Groves
Jennifer Choe-Groves
Judge of the U.S. Court of
International Trade, Sitting by
Designation